OPINION OF THE COURT
RENDELL, Circuit Judge.
Rufus Kirkland became eligible to seek a sentence reduction under 18 U.S.C. § 3582(c)(2) after U.S.S.G. § 2D1.1 was amended to reduce the base offense level for crack cocaine offenses by two levels. Kirkland appeals from the reduced sentence imposed by the District Court after granting Kirkland’s § 3582(c)(2) motion.
Kirkland’s original guideline range was 151 to 188 months and his original sentence was 168 months. The District Court granted Kirkland’s motion for a sentence reduction, reduced his sentence by 22 months, and re-sentenced him to 146 *726 months imprisonment based on a new guideline range of 130 to 162 months. In Kirkland’s motion for a reduction of sentence he asked the District Court to impose a sentence of 120 months, the minimum possible statutory sentence, based on the policy reasons that resulted in the amendment to § 2D1.1, the Supreme Court’s rationale in Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 568-69, 169 L.Ed.2d 481 (2007), and Kirkland’s behavior while incarcerated. The District Court granted Kirkland’s motion and imposed the new sentence without holding a hearing and without explaining its rationale for re-sentencing. On appeal, Kirkland argues that, in so doing, the District Court abused its discretion and that his sentence was procedurally and substantively unreasonable.
Both parties agree that our jurisdiction in this case is governed by 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. Under 18 U.S.C. § 3582(c)(2), a court may reduce a defendant’s term of imprisonment if the original sentence was based on a sentencing range that was lowered by the Sentencing Commission after considering the § 3553(a) factors and any relevant policy statements of the Sentencing Commission. Though the decision to grant a defendant’s motion for a re-sentencing under § 3582(c)(2) is discretionary, if granted, the resulting sentence is reviewed under the same standard as the initial sentence— for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)[1]. An unreasonable sentence is a sentence imposed in violation of the law under 18 U.S.C. § 3742(a)(1). United States v. Cooper, 437 F.3d 324, 327 (3d Cir.2006). Although it may be better practice for a District Court to explain its rationale for a new sentence under § 3582(c)(2), it is not error for a District Court to not offer this explanation when the original sentence fell at the midpoint of the guideline range and the new sentence likewise falls at the midpoint of the new guideline range[2]. We will assume that the District Court’s analysis of the § 3553(a) factors at Kirkland’s original sentencing was unchanged and therefore the court felt no need to reiterate its original explanation. Kirkland’s revised sentence was both procedurally and substantively reasonable.
For the reasons set forth above, we will affirm the District Court’s order re-sentencing Kirkland.

. We disagree with the government's position that the discretionary nature of the District Court's ruling on the motion somehow renders the sentence thereafter imposed 'discretionary' and not reviewable.

. The original sentence was 17 months above the lower end of the guideline range and 20 months below the top. The reduced sentence was 16 months above the lower end and 17 months below the top.